**SEARS, ROEBUCK AND CO., a New York corporation**

v.

**ALLSTATES TRAILER RENTAL, INC., a Maryland corporation.**

**Civ. No. 11333.**

United States District Court
D. Maryland.

Feb. 17, 1961.

For original opinion see 188 F.Supp. 170.

Robert F. Skutch, Jr., Weinberg & Green, Baltimore, Md., Frank H. Marks, Lederer, Livingston, Kahn & Adsit, Chicago, Ill., for plaintiff.

David Gerber, Burke, Gerber & Wilen, Baltimore, Md., and Albert J. Kramer and William T. Stephens, Washington, D. C., for defendant.

THOMSEN, Chief Judge.

Defendant has moved the Court to amend its findings and to reconsider its opinion on the questions of acquiescence and laches on the part of plaintiff. The facts dealing with those points were stated in the original opinion, 188 F.Supp. 170, at page 173; the points were discussed near the end of the opinion, at page 178.

Additional facts developed by plaintiff's counsel at the suggestion of the Court are not disputed by defendant. Kershner, the assistant to the operating superintendent of the Mondawmin store, made the arrangements for the rental of defendant's trailers on the two occasions on which they were rented, and he approved the payment of the bills (for $142.50 and $61.27 respectively) by the head cashier of the Mondawmin store out of that store's separate bank account. These acts were within Kershner's authority and no one else in the Sears organization authorized the leasing of the trailers or the payment of the two small bills.

Defendant now contends, however, that since Kershner was acting within the scope of his authority in renting the trailers, the corporation is "bound by the contracts and by the knowledge of the facts relating thereto, just the same as it would be bound by the authorized acts performed by its President * * *." Of course, plaintiff was "bound" by the rental contracts, and is charged with whatever knowledge Kershner acquired in connection therewith which came within the scope of his duties, just as it would be charged with knowledge of certain facts acquired by salesgirls and truck drivers in the course of their duties. But the corporation would not be charged with knowledge of everything learned by a

salesgirl while making a sale or by a truck driver while making a delivery. Kershner was also an employee of limited, though greater authority; his duties were not on the policy-making level. In this respect the instant case is clearly distinguishable from Maryland Trust Co. v. National Mechanics Bank, 102 Md. 608, 63 A. 70, relied upon by defendant, where the corporation was charged with knowledge communicated to or acquired by its president. The instant case is very similar to Great Atlantic & Pacific Tea Co. v. A. & P. Trucking Corp., 29 N.J. 455, 149 A.2d 595, where the Supreme Court of New Jersey found no estoppel in a trade-mark case even though the record indicated a number of contacts between employees of defendant and employees in the lower echelon of plaintiff's business. The Court pointed out that there was "no evidence of procrastination at a policy-making level". In the instant case plaintiff demanded that defendant cease using the mark a few days after defendant's application to register the mark was published for opposition by the Patent Office.

I adhere to my previous decision that these facts "do not amount to such acquiescence or laches as would require a court of equity to deny plaintiff an injunction protecting the good will which plaintiff has built up over many years in its trade-mark 'Allstate'." 188 F.Supp. at page 178. In addition to the cases cited in the original opinion, see Menendez v. Holt, 128 U.S. 514, at pages 523, 524, 9 S.Ct. 143, 32 L.Ed. 526; Aunt Jemima Mills Company v. Rigney & Co., 2 Cir., 247 F. 407, L.R.A.1918C, 1039; and Nims' Unfair Competition and Trade-Marks, 4th ed., vol. 2, sec. 416, at p. 1307, where the author says: "Agreements between plaintiff and defendant and communications concerning trade-mark rights and inclinations of friendly relations between the parties are not necessarily proof of acquiescence or destructive of such rights. Whenever acquiescence is charged, as where laches is the defense, the decisive question is whether the normal effect of plaintiffs act was to mislead the defendant and thus lay the basis for estoppel."

I find that the defendant was not so misled in the instant case, and that there is no basis for an estoppel. In Menendez v. Holt, the Court said [128 U.S. 514, 9 S.Ct. 145]: " * * * even though a complainant were guilty of such delay in seeking relief upon infringement as to preclude him from obtaining an account of gains and profits, yet, if he were otherwise so entitled, an injunction against future infringement might properly be awarded." See, to the same effect, Stork Restaurant, Inc. v. Sahati, 9 Cir., 166 F. 2d 348, 364, quoted in the original opinion.

The original opinion permits defendant "for a reasonable time after it has adopted a new name, to show on its stationery and in its advertising and telephone directory listings, that it is continuing the business heretofore known as Allstates Trailer Rental, Inc." I adhere to my original decision that "two years would appear to be a reasonable period of time during which such showing might be made."

Defendant's motion is denied. I will enter an appropriate decree.